CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

AUG 1 8 2008

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT A. UNGER,<br>Plaintiff, | Civil Action No. 7:08-cv-00462 |
| v. | **MEMORANDUM OPINION** |
| SHERIFF TONY ROPER, et. al.,<br>Defendants. | By: Hon. James C. Turk<br>Senior United States District Judge |

Plaintiff Robert A. Unger, proceeding pro se, mailed in this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. He submits his complaint on forms designed for inmates wishing to file § 1983 claims and on the form, indicates that he is incarcerated in Winchester, Virginia. He does not prepay the $350.00 filing fee, but instead uses a form designed for inmates to apply to proceed in forma pauperis, which he has not properly completed. In the interest of justice, however, the court will grant him in forma pauperis status, but finds it appropriate to dismiss the case without prejudice, pursuant to 28 U.S.C. § 1915(e)(2).[1]

Unger sues Defendants Sheriff Tony Roper and Deputy Jim Commus. The statement of his claims is terse:

> Convicted 6-8-05 for public intox fined $109.00 paid. Called 911. In addition also [convicted] for false summoning & sentenced to 60 days jail. Letter was sent to U.S. Army records St. Louis Mo. of Bioes [sic] prejudgdice [sic]1975. Suing for $8000.00 for Bioes [sic] prejudice harrasment and false imprisonment.

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation

---

[1] The court may dismiss a case at any time, notwithstanding any filing fee that has been paid, if the court determines that the action is frivolous or malicious or fails to state a claim. § 1915(e)(2)(B).

1

resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Unger's allegations do not appear to give rise to any claims cognizable under § 1983 against the named defendants. First, he does not allege any personal involvement by the defendants in the events of which he complains, so fails to state any claim that they have violated his constitutional rights. Second, he does not state the facts on which he believes his 2005 convictions or imprisonment were wrongful. Third, he gives no details whatsoever concerning the 1975 letter to the U.S. Army, who wrote and sent it, or how that action violated his constitutional rights in any way.

If the court believed that plaintiff could conceivably prove any set of facts consistent with his allegations, stating any claim cognizable under § 1983, the court would allow plaintiff to amend. However, the court is satisfied that any possible claims arising from the events mentioned in the complaint are either time-barred, because Unger waited too long to file his civil action, or they are claims that he cannot bring under § 1983.

No federal statute of limitations applies in § 1983 actions. Wilson v. Garcia, 471 U.S. 261, 266 (1985). Accordingly, §1983 actions are governed by the state statute of limitations applicable for general personal injury cases in the state where the alleged violations occur. Owens v. Okure, 488 U.S. 235, 239-40 (1989). Virginia has a two-year statute of limitations for general, personal injury claims. Va. Code Ann. § 8.01-243(a). Under these principles, a plaintiff bringing a civil rights action under § 1983 in Virginia must do so within two years from the time when his action accrues. Id.

The time of accrual of a cause of action under § 1983 is a federal question. Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995) (en banc). In Nasim, the United

States Court of Appeals for the Fourth Circuit held that a cause of action under §1983 accrues and the statute of limitations begins running "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Id.

Under these principles, it is clear from the face of plaintiff's pleadings that to the extent any of the alleged violations in 1975 and 2005 give rise to constitutional claims at all, they are barred by the applicable, two-year statute of limitations. Unger does not offer any indication that he learned about these events and injuries only within the last two years. Inexplicably, he waited until August 8, 2008, to sign and date his complaint, and the court did not receive and file it until August 11, 2008. The court is satisfied that the case was not commenced within two years after the claims accrued and that these claims are, therefore, time barred under Virginia Code Ann. § 8.01-243(a).

The false summons claim in the complaint does not include a date. However, in a cover letter, Unger says that he is "waiting presently on a pending case of false summons, Dec. 18th 2008." He states that he was in jail two weeks and then released on "PR" to appear in court and wants to bring a claim of false imprisonment. Unger cannot recover monetary damages against anyone under § 1983 for false imprisonment until he proves that the underlying charge for which he was imprisoned has been overturned or invalidated in some way. The United States Supreme Court has held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, ... a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (emphasis added). See also Nelson v. Murphy, 44 F.3d 497 (7th Cir.1995) (finding that a pretrial detainee "already participating in state litigation must make his stand there" in state court rather than by trying to defend against the state criminal charge in an independent § 1983 action in federal court). Because it is clear from Unger's submissions that the criminal charges on which he was imprisoned for two weeks are still pending against him, any challenge to the validity of those charges must be first completed and successful in state court; only if he is successful in getting the charge dismissed will Unger have a claim against anyone for false imprisonment. Accordingly, the court finds no need to allow him to amend this action.

For the stated reasons, the court finds that plaintiff's complaint must be dismissed, pursuant to §1915(e)(2)(B), because at this time, his allegations fail to state any claim upon which relief could be granted. An appropriate order shall be entered this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 18th day of August, 2008.

*James C. Turk*
Senior United States District Judge